# United States Court of Appeals

## For the First Circuit

No. 13-2070

UNIVERSAL TRUCK & EQUIPMENT COMPANY, INC.; NEW LONDON MINING
MANUFACTURING & PROCESSING, LLC; NICHOLAS E. CAMBIO, individually
and as Trustee of the Nicholas E. Cambio, Roney A. Malafronte and
Vincent A. Cambio Trust; VINCENT A. CAMBIO,

Plaintiffs-Appellants,

v.

SOUTHWORTH-MILTON, INC.,

Defendant-Appellee,

CATERPILLAR, INC.; CATERPILLAR FINANCIAL SERVICE CORPORATION; W.
FRANK BLOUNI; JOHN R. BRAZIL; DANIEL M. DICKINSON; JOHN T.
DILLON; EUGENE V. FIFE; GAIL D. FOSLER; JUAN GALLARDO; DAVID R.
GOODE; PETER A. MAGOWAN; WILLIAM A. OSBORN; JAMES W.L. OWENS;
CHARLES D. POWELL; EDWARD B. BUST, JR.; SUSAN C. SCHWAB;
JOSHUA I. SMITH; KENT ADAMS; JIM DUENSING; PETER DAGASTINO,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Torruella, Dyk[*] and Kayatta,
Circuit Judges.

Richard G. Riendeau, for appellant.

---

[*]Of the Federal Circuit, sitting by designation.

J. Richard Ratcliffe, with whom Jeffrey Biolchini and Ratcliffe Harten Burke & Galamaga, LLP were on the brief, for appellee.

————————————

September 2, 2014

————————————

**DYK, Circuit Judge.**

The plaintiffs here filed a breach of contract complaint in state court. After the only non-diverse defendant was dismissed from the case by the state court, the remaining defendants removed the lawsuit to federal court, invoking diversity jurisdiction. At the time of removal, the dismissal of the non-diverse defendant was not final. The district court denied the plaintiffs' motion to remand and later granted summary judgment in favor of defendant Southworth-Milton, Inc. ("Southworth") and awarded attorneys' fees. In addition to challenging the summary judgment decision and award of attorneys' fees in favor of Southworth, the plaintiffs argue that the case should be remanded to state court.

We hold that, despite the defendants' failure to comply with the statutory removal requirements, a remand to state court is not required because complete diversity existed at the time of judgment, and plaintiffs failed to object to the statutory procedural defect in a timely manner. We also affirm the district court's grant of summary judgment and award of attorneys' fees in favor of defendant Southworth.

## I.

The plaintiffs in this action are Universal Truck & Equipment Co., Inc. ("Universal"); New London Mining Manufacturing & Processing, LLC ("NLM"); Nicholas E. Cambio, individually and as Trustee of the Nicholas E. Cambio, Roney A. Malafronte and Vincent

-3-

A. Cambio Trust; and Vincent A. Cambio (collectively, the "appellants" or "plaintiffs"). They are citizens of Rhode Island. They brought state law contract claims against the following defendants: Southworth, Caterpillar, Inc. ("Caterpillar"), Caterpillar Financial Services Corp. ("CAT Financial"), and several other entities and individuals (collectively, the "appellees" or "defendants"). Southworth is a New Hampshire corporation and authorized Caterpillar equipment dealer with its principal place of business in Milford, Massachusetts. Caterpillar and CAT Financial are distinct Delaware corporations with principal places of business in Illinois and Tennessee, respectively. All but one of the other defendants were not Rhode Island citizens. But Peter D'Agostino, a salesman at Southworth, was also named as an original defendant in state court, and he was a citizen of Rhode Island. If D'Agostino were a proper party to the action, his Rhode Island residency would have prevented diversity jurisdiction.

So far as pertinent for the present purposes, the state court action arose from an alleged oral agreement between defendants Caterpillar, CAT Financial, and Southworth, on the one hand, and plaintiff NLM, on the other. Around March 17, 2008, NLM purchased or refinanced construction equipment from Caterpillar's Southworth dealership for approximately $3.4 million. The purchase was financed by CAT Financial, and NLM provided a security agreement and promissory note to CAT Financial.

After the 2008 national recession, NLM experienced a severe downturn in its business, and by mid-2009, NLM was unable to make its monthly payments to CAT Financial. As a result, CAT Financial and NLM began to explore refinancing options.

Around July 29, 2009, NLM and CAT Financial agreed that NLM would sell four of the purchased construction vehicles in order to reduce NLM's debt to CAT Financial. Southworth agreed to store the four vehicles on its lot for a seventy-five day period while NLM attempted to sell them. The vehicles were transferred to Southworth's custody, if not immediately to its lot, around August 9, 2009.

While the four vehicles were awaiting sale, a conversation occurred, which forms the basis for the claimed oral contract. Original defendant Peter D'Agostino, a salesman at Southworth, visited NLM and spoke to an NLM officer, Vincent Cambio, regarding the status of the refinancing negotiations. When D'Agostino asked Cambio about the progress of the sales, Cambio responded "I got to tell you, you know how they're going; you know better than me." Transcript of Summary Judgment Hearing at 5:10-11, Universal Truck & Equipment Co., Inc. v. Caterpillar, Inc., et al., No. 1:10-cv-00466 (D.R.I., Dec. 5, 2012), ECF No. 103. D'Agostino then asked, "So you're going to get rid of some equipment?" Id. at 5:12-13, to which Cambio answered, "Yeah there's no use for them. Are you going to try to sell some of them for us like outright sales?" Id. at

5:13-15. D'Agostino then replied, "I'll do what I can do," or "we'll do what we can do." Id. at 5:16-17. D'Agostino, allegedly acting for Southworth and other defendants, never managed to sell the equipment, and CAT Financial eventually repossessed and sold it.

On June 18, 2010, the plaintiffs filed suit in Rhode Island Superior Court. While the complaint set forth various claims, only one is relevant for present purposes. The complaint alleged that "NLM entered into negotiations with [Caterpillar], CAT Financial and [Southworth] through their agent [D'Agostino]," and "[a]s part of the Oral Agreement, [Southworth] through its agent [D'Agostino] agreed to act as broker of the four (4) remaining vehicles . . . to be marketed and sold at [Southworth] in the ordinary course of business." Complaint at 7-8, Universal Truck & Equipment Co., Inc. v. Caterpillar, Inc., et al., No. 1:10-cv-00466 (D.R.I., Nov. 16, 2010), ECF No. 1-1. The complaint alleged that CAT Financial's repossession and sale of the vehicles constituted a breach of this oral agreement and resulted in a loss to the plaintiffs.

When plaintiffs initiated this lawsuit, it would not have been removable if D'Agostino, a resident of Rhode Island, were properly named as a defendant. His presence would have defeated complete diversity. However, D'Agostino filed a motion to dismiss the case against him for failure to state a claim, arguing that he was not a party to the alleged contract. On October 25, 2010, the Superior

-6-

Court of Rhode Island granted D'Agostino's motion and dismissed him from the action. On November 16, 2010, before this dismissal became final and non-appealable, the defendants filed a notice of removal to the United State District Court for the District of Rhode Island, asserting that diversity jurisdiction existed as of the date D'Agostino was dismissed because the plaintiffs were Rhode Island residents and the remaining defendants were not.

The defendants asserted that removal was timely because it occurred within 30 days after the state court dismissed all claims asserted against D'Agostino. The removal statute states:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

On December 10, 2010, the plaintiffs filed a motion to remand to state court, correctly pointing out that the state court's dismissal of D'Agostino had not become final, and arguing that therefore removal was improper. The defendants responded to this motion, arguing, for the first time, that removal was proper because D'Agostino was fraudulently joined, the plaintiffs having "failed to articulate any basis for their claims against D'Agostino." Defendants' Memorandum In Support of Objection to Plaintiffs' Motion for Remand at 4, Universal Truck & Equipment Co., Inc. v. Caterpillar, Inc., et al., No. 1:10-cv-00466 (D.R.I.,

Dec. 22, 2010), ECF No. 5. In reply to this argument, the plaintiffs simply asserted that the joinder was not fraudulent, but raised no objection as to the timeliness of a removal based on fraudulent joinder. On February 3, 2011, the district court denied the motion to remand to state court, agreeing with the defendants' fraudulent joinder theory and finding that D'Agostino had not been properly joined in the lawsuit.

Following the motion to remand, the parties engaged in discovery, and the defendants eventually moved for summary judgment.[1] On November 5, 2012, the district court granted summary judgment in favor of the defendants with respect to the plaintiffs' claims, holding that no reasonable jury could find that the alleged oral agreement existed. On May 9, 2013, the court awarded attorneys' fees to Southworth on the grounds that the claims were frivolous. The district court then granted certification under Rule 54(b). Rule 54(b) Order, Universal Truck & Equipment Co., Inc. v. Caterpillar, Inc., et al., No. 1:10-cv-00466 (D.R.I., July 3, 2013), ECF No. 141. Plaintiffs appealed the judgment in favor of Southworth.[2]

_____

[1] After removal, Defendant Southworth filed three counterclaims against the plaintiffs, alleging that NLM and Universal failed to pay for parts and repairs Southworth provided and refused to pay Southworth the balance due on their accounts.

[2] This appeal does not involve the plaintiffs' case against Caterpillar and CAT Financial, nor CAT financial's counterclaims against the plaintiffs. The Rule 54(b) motion encompassed Southworth's counterclaims against the plaintiffs, but plaintiffs

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the question of whether there was a defect in the removal process. See Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 76 (1st Cir. 2009); Loftis v. United Parcel Service, Inc., 342 F.3d 509, 514 (6th Cir. 2003). We review the grant of summary judgment de novo and the district court's award of attorneys' fees for abuse of discretion. Hardy v. Loon Mountain Recreation Corp.,276 F.3d 18, 20 (1st Cir. 2002); Whitney Bros. Co. v. Sprafkin, 60 F.3d 8, 11-12 (1st Cir. 1995).

## II.

### A.

When plaintiffs file a civil action in state court over which the federal courts would have had original jurisdiction based on diversity of citizenship, the defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." Id. § 1441(b)(2). Defendants must file their notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," 28 U.S.C. § 1446(b)(1), or "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

raise no issue regarding the counterclaims on appeal.

-9-

removable." Id. § 1446(b)(3). However, "[a] case may not be removed . . . on the basis of [diversity jurisdiction] . . . more than one year after commencement of the action." Id. at 1446(c)(1).

The parties now apparently agree that the original asserted grounds for removal—the dismissal of D'Agostino—was not proper because the state court decision was not final in the sense that it was not voluntary, and still subject to review on appeal. See Insinga v. LaBella, 845 F.2d 249, 253-54 (11th Cir. 1988) (citing American Car & Foundry Co. v. Kettlehake, 236 U.S. 311, 315-16 (1915)). Instead, the defendants argue that D'Agostino was fraudulently joined, and his citizenship should be ignored for diversity purposes.

While the First Circuit has not addressed the question, it is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant.[3]

---

[3] Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992) ("[T]he federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?"); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" (citing Moore's Federal Practice (1986) ¶ 0.161[2])).

-10-

Under Rhode Island law, "an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority" in the absence of some exception. <u>Cardente</u> v. <u>Maggiacomo Ins. Agency, Inc.</u>, 272 A.2d 155, 156 (R.I. 1971). Exceptions exist "for unauthorized acts outside the scope of the agency, for acts to which the agent has bound himself or herself—either expressly or impliedly—under a contract, or for acts within the scope of a duty that is otherwise independent of the agency relationship." <u>Kennett</u> v. <u>Marquis</u>, 798 A.2d 416, 419 (R.I. 2002) (citations and quotation marks omitted)). In this case, there was no basis for joining D'Agostino. The complaint asserted no claim against D'Agostino individually, but, instead, alleged that he was the agent of Caterpillar, CAT Financial, and Southworth. Furthermore, the plaintiffs alleged no facts on which we could find an exception to the general rule against agent liability. Therefore, joinder of D'Agostino was fraudulent. Because this fraudulent joinder was apparent from the face of the original complaint, the defendants were required to remove within 30 days after service of the complaint. They failed to do so.

The question is whether this procedural error is fatal to the judgment in favor of Southworth, requiring a remand to state court. Ironically, another Caterpillar case provides the answer. In <u>Caterpillar, Inc.</u> v. <u>Lewis</u>, 519 U.S. 61 (1996), a case had been improperly removed because complete diversity was lacking at the

-11-

time of removal. By the time the case proceeded to trial, diversity had become complete because the plaintiffs had settled their claims against the non-diverse party. Id. at 67. The Supreme Court concluded that this error did not require a vacatur of the judgment and remand to state court, because the jurisdictional requirement of the statute (complete diversity) was met at the time the district court entered judgment. As the Court explained, "[t]he jurisdictional defect was cured, i.e., complete diversity was established before the trial commenced. . . . But a statutory flaw—Caterpillar's failure to meet the § 1441(a) requirement that the case be fit for federal adjudication at the time the removal petition is filed—remained in the unerasable history of the case." Id. at 73.

The Court rejected the plaintiff's argument that the "ultimate satisfaction of the subject-matter jurisdiction requirement ought not swallow up antecedent statutory violations." Id. at 74. "Once a diversity case has been tried in federal court, . . . considerations of finality, efficiency, and economy become overwhelming." Id. at 75. Requiring a vacatur and remand to state court "would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention." Id. at 76 (internal quotation marks omitted); see also Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699 (1972) (statutory flaw does not require remand where no objection was raised).

-12-

The Supreme Court's more recent decision in Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004), although it did not involve removal, further explains the scope of Caterpillar. In Grupo, the plaintiff filed suit in federal court, relying on diversity jurisdiction. At the time the suit was filed, diversity was lacking because the plaintiff, a Texas partnership, included two Mexican nationals as partners, and the defendants were Mexican citizens. While the case was pending, the plaintiffs sought to create diversity by eliminating the Mexican citizens from the partnership. The Court held that the plaintiffs could not manufacture diversity jurisdiction by altering the composition of their partnership after filing their lawsuit. The Court held that "'[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit.'" Id. at 574 (alteration in original) (emphasis in original) (quoting Conolly v. Taylor, 27 U.S. 556, 565 (1829)). The Court distinguished Caterpillar: "It related not to cure of the jurisdictional defect, but to cure of a statutory defect." Id. at 574 (emphasis in original). Thus, Grupo confirms that the Caterpillar rule governs where there have been procedural violations of the removal statute but where complete diversity exists at the time of judgment because the non-diverse party had been dismissed.

Caterpillar governs this appeal. Although the defendants failed to remove this lawsuit due to fraudulent joinder in a timely

manner, the defendants' misstep was statutory, not jurisdictional. The doctrine of fraudulent joinder permits a federal court to "disregard, for jurisdictional purposes," Mayes, 198 F.3d at 461, the citizenship of non-diverse defendants, and the defendants' theory of fraudulent joinder was properly asserted and accepted by the district court. Accordingly, on appeal we can disregard the citizenship of D'Agostino for the purposes of this lawsuit. Indeed, federal subject matter jurisdiction has existed since the lawsuit's initiation. Considerations of "finality, efficiency, and economy" counsel against a vacatur of the judgment and remand.

Case law from this circuit as well as our sister circuits supports the application of Caterpillar to this case. In Esposito, this court held that one defendant's failure to consent to the other defendant's notice of removal within the statutory 30 day time limit constituted a defect in procedure, rather than jurisdiction. 590 F.3d at 77; see 28 U.S.C. § 1446(b)(2)(A) & (B) ("When a civil action is removed . . . , all defendants who have been properly joined and served must join in or consent to removal of the action. Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.") Accordingly, this court concluded that this flaw was not fatal to the ensuing federal judgment. Esposito, 590 F.3d at 77. So here, a remand is not necessary because the 30 day time limit is not jurisdictional and

complete diversity existed as the time of the district court's grant of summary judgment.

At least three other circuits have held that the 30-day time limit at issue here is not jurisdictional and provides no ground for remand after judgment. See Farina v. Nokia, 625 F.3d 97, 114 (3d Cir. 2010) (the 30-day limit is a procedural, not a jurisdictional, provision); Moore v. N. Am. Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) ("Under the Supreme Court's decision in Caterpillar, any untimeliness would be an insufficient basis to vacate the judgment and remand for a new trial."); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079-80 (10th Cir. 1999) (untimely notice of removal was not fatal to federal court adjudication).

Numerous circuits, including this circuit, have held that other statutory defects are not jurisdictional. See In re Exxon Chem. Fire, 558 F.3d 378, 398-400 (5th Cir. 2009) (a failure to satisfy 28 U.S.C. § 1441(b)(2)'s requirement that no defendant be a citizen of the state in which the action was brought was not fatal to federal court judgment because this defect was not jurisdictional); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) (one defendant's failure to consent to removal within 30 days, as required by § 1446(b)(2)(A) & (B), was not fatal to federal court adjudication).

A remand here would be particularly inappropriate given that the plaintiffs failed to argue the statutory defect to the district

-15-

court in the two year period between removal and judgment. To be sure, the plaintiffs argued that the original removal was statutorily defective because the case was removed after the non-final dismissal of D'Agostino. But the plaintiffs never argued that the fraudulent joinder theory was untimely. That argument was raised for the first time on appeal to this court, and, then, only in the reply brief. Even if Caterpillar did not govern here, plaintiffs did not preserve their objection to the defendants' failure to comply with the statutory time limit with respect to fraudulent joinder.

Multiple circuits, including this one, have reiterated that 28 U.S.C. § 1447(c) "effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 198 (4th Cir. 2008) (emphasis in original); see also Samaan v. St. Joseph Hosp., 670 F.3d 21, 28 (1st Cir. 2012) (citations omitted) (plaintiff waived a ground supporting remand by failing to raise it, and "[t]he fact that the plaintiff objected to removal on a different basis d[id] not avert this waiver"); Denman by Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998) (citations omitted) (same).

We conclude that remand to state court is not required, and the district court had jurisdiction.

**B.**

On the merits, the appellants argue the district court erred in granting summary judgment in favor of Southworth. The district court granted summary judgment because it concluded that there was no support for the oral contract theory or any other claims asserted by plaintiffs. On appeal, plaintiffs assert error only on the grant of summary judgment on the oral contract claim.

Plaintiffs devote a meager 11 lines in their opening brief asserting in conclusory terms that summary judgment on their oral contract claim was improper. They cite no evidence in the record. They include only two sentences remotely in the nature of an argument ("Appellants raised the issue of whether conduct and statements by Southworth and its agents created an oral contract on which Appellants relied. Namely, Southworth's agent, either within or without the scope of his agency, assured Appellants that Appellants' construction equipment would be marketed in a commercially reasonable manner"). In response, Southworth points out (as did the district court below) that Vincent Cambio disclaimed ever having made an oral agreement with D'Agostino. Finally, in plaintiffs' reply, they offer no rejoinder at all, citing no evidence on point, and do not even address the issue. Such a halfhearted effort falls far short of sufficiently raising an issue on appeal. See Fed. R. App. P. 28(a); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in

a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") For that reason alone, we affirm the summary judgment ruling.

Nor did the district court err in awarding attorneys' fees to Southworth pursuant to the court's inherent authority and Rhode Island General Laws § 9-1-45. In Whitney Bros., this court stated that when a district court exercises its inherent power to award attorneys' fees, it must describe the losing parties' bad faith conduct with "sufficient specificity" and accompany this description with a "detailed explanation of reasons justifying the award." 60 F.3d at 13 (quotations marks and citation omitted). Whitney also clarified that the district court acts within its authority in finding bad faith where "a party maintains an unfounded action or defense without any reasonable hope of prevailing on [the] merits." Id. at 13-14 (citations omitted). Similarly, the Rhode Island statute provides for an award of attorneys fees where "there was a complete absence of a justiciable issue of either law or fact raised by the losing party." R.I. Gen. Laws § 9-1-45(1). We find that the district court did not abuse its discretion in concluding that the plaintiffs' allegations against Southworth were "clearly frivolous." Order at 2, Universal Truck & Equipment Co., Inc. v. Caterpillar, Inc., 1:10-cv-00466 (D.R.I. May 9, 2013), ECF No. 129. Nor did the district court err in not providing a fuller explanation. The inherent power to sanction with

-18-

such an award necessarily covers a broad range of litigation conduct, some of which will be very fact-specific and require fairly detailed explanation. Here, where the issue is frivolousness of the claim itself as a matter of law, far less factual discussion is necessary. This is especially so in a case such as this where, even on appeal, plaintiffs point to nothing in the record that supports their assertion that their claim had merit.

**AFFIRMED**

Costs to appellees.