**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1872**

———————

WESTLAKE LEGAL GROUP, d/b/a Thomas K. Plofchan, Jr., PLLC;
THOMAS K. PLOFCHAN, JR.,

                Plaintiffs - Appellants,

      v.

YELP, INC.,

                Defendant - Appellee,

      and

CHRISTOPHER SCHUMACHER,

                Defendant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Liam O'Grady, District
Judge. (1:14-cv-00564-LO-JFA)

———————

Submitted: February 27, 2015      Decided: March 18, 2015

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas K. Plofchan, Jr., Lavanya K. Carrithers, WESTLAKE LEGAL
GROUP, Potomac Falls, Virginia, for Appellants. Laura R.
Handman, Micah J. Ratner, DAVIS WRIGHT TREMAINE LLP, Washington,
D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Westlake Legal Group ("Westlake") and Thomas K. Plofchan, Jr., brought this defamation action in state court against Christopher Schumacher and Yelp, Inc. ("Yelp"), alleging that Schumacher posted defamatory comments on Yelp's website, which offers customer reviews of Westlake and other businesses. Due to an error in the service of process, Yelp did not receive notice of the suit, and Appellants obtained a default judgment. When Appellants attempted to collect this judgment, Yelp moved to set aside the default judgment as void for lack of service of process and removed the case to federal court. The district court denied Appellants' motion to remand and granted Yelp's motions to set aside the judgment. The court also granted Yelp's motion to dismiss under Fed. R. Civ. P. 12(b)(6), finding that Appellants' claim against Yelp was untimely and barred by § 230 of the Communications Decency Act of 1996 ("CDA").[1] Finding no error, we affirm.

---

[1] The district court later dismissed Appellants' claims against Schumacher for failure to serve process. Appellants have not appealed this order. Although the pending claims against Schumacher rendered this appeal interlocutory when filed, Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982), this defect was cured when the district court issued its judgment on the those claims. In re Bryson, 406 F.2d 284, 287-89 (4th Cir. 2005).

We begin by addressing Appellants' challenge to our jurisdiction under the Rooker-Feldman[2] doctrine. "The Rooker-Feldman doctrine holds that lower federal courts generally do not have subject-matter jurisdiction to review state-court decisions." Shooting Point, L.L.C. v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (internal quotation marks and brackets omitted). This doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Yelp has not brought a new federal case seeking to challenge a state court judgment but has removed an existing state case where a motion to set aside the judgment was pending. Such removals are not barred by the Rooker-Feldman doctrine. See Resolution Trust Corp. v. Allen, 16 F.3d 568, 573 (4th Cir. 1994). Accordingly, we conclude that the Rooker-Feldman doctrine does not apply.[3]

---

[2] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

[3] Appellants rely on Nelson v. Uran, No. 98-2400, 1999 WL 170166 (4th Cir. Mar. 29, 1999) (unpublished), but, as an unpublished decision, Nelson lacks precedential value; in any event, Nelson is distinguishable.

4

Appellants argue that the district court improperly denied their motion to remand because the notice of removal was untimely under 28 U.S.C. § 1446(b)(l) (2012), and Yelp waived its right to removal by moving in state court to set aside the default judgment.[4] "[O]nce an improperly removed case has proceeded to final judgment in federal court that judgment should not be disturbed so long as the federal court had jurisdiction over the claim at the time it rendered its decision." Aqualon Co. v. Mac Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998), abrogated in part by Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572 (2004) (holding that district court must have had jurisdiction at time of removal, not merely at time of judgment). Contrary to Appellants' contentions, neither we nor the Supreme Court has ever held that nonjurisdictional defects must be cured prior to judgment in order to fall within the ambit of this holding. See Aqualon, 149 F.3d at 264-65 (applying this holding to claim that removal was waived). Neither defect asserted by Appellants is jurisdictional. See id.; Universal Truck & Equip. Co., Inc. v. Southworth-Milton, Inc., 765 F.3d 103, 110 (1st Cir. 2014)

---

[4] Appellants also argue that the notice of removal was untimely under 28 U.S.C. § 1446(c)(1) (2012). However, that subsection only restricts removal under subsection (b)(3). Because this case was removed under subsection (b)(1), not subsection (b)(3), subsection (c)(1) is inapplicable.

(collecting cases holding that § 1446(b)(1)'s deadline is not jurisdictional). Accordingly, these issues are not cognizable on appeal.

Appellants next challenge the district court's order setting aside the state default judgment under Fed. R. Civ. P. 60(b). We review the denial of relief under Rule 60(b) for abuse of discretion. Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). To obtain relief under Rule 60(b), Yelp was required to "show: (1) that the Rule 60(b) motion is timely; (2) that [Appellants] will not suffer unfair prejudice if the default judgment is set aside; and (3) that [their defense] is meritorious." Id. at 94 n.3. After making this threshold showing, Yelp was required to demonstrate entitlement to relief under one of Rule 60(b)'s six subsections. Id. at 94. The subsections applied by the district court allow a judgment to be set aside if that judgment is void, or upon a showing of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6); see Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that lack of service voids judgment).

Appellants challenge only the district court's findings that there was no unfair prejudice and that the challenged

6

judgment was void for lack of proper service of process.[5] With respect to prejudice, Appellants assert generally that the passage of time caused evidence to grow stale but cite no specific evidence that was compromised or any other harm that is not "the inevitable result whenever a judgment is vacated." See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993) (internal quotation marks omitted). Accordingly, we conclude that the district court did not abuse its discretion in holding that setting aside the default judgment did not prejudice Appellants. We do not reach Appellants' challenge to the district court's finding that the judgment was void because, even if this finding was erroneous, the court's finding that exceptional circumstances justified relief, which Appellants do not contest, adequately supports its ruling.

Finally, Appellants argue that the district court erred in dismissing the case as barred by the statute of limitations and by § 230 of the CDA. We review this dismissal de novo. Kenney v. Indep. Order of Foresters, 744 F.3d 901, 905 (4th Cir. 2014). In assessing the propriety of a Fed. R. Civ. P. 12(b)(6) ruling,

---

[5] Appellants also state that the district court erred by finding that Yelp had meritorious defenses but make no arguments in support of this assertion. Even assuming that it is properly raised, however, the district court's finding was not an abuse of discretion because, as discussed hereinafter, Yelp did possess meritorious defenses.

7

we accept as true the factual allegations in the complaint and any attached exhibits incorporated by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The CDA bars "state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 254 (4th Cir. 2009). "To further the policies underlying the CDA, courts have generally accorded § 230 immunity a broad scope." Id. Dismissal of a case on this basis is appropriate unless the complaint pleads nonconclusory facts that plausibly indicate that "any alleged drafting or revision by [the defendant] was something more than a website operator performs as part of its traditional editorial function," thereby rendering it an information content provider. Id. at 255-56, 258.

Here, the facts alleged in the complaint and attached exhibits indicate, at most, that Yelp has an automated system that filters reviews. Such activities constitute traditional editorial functions that do not render Yelp an information content provider. Cf. id. at 256-58 (applying § 230 where website's involvement with allegedly defamatory reviews was far more extensive than here). Because Appellants' claims against Yelp are barred by the CDA, we do not reach the question of

8

whether Yelp's updates to its website constituted republication for purposes of Virginia's statute of limitations.

Accordingly, we affirm the judgment of the district court. We deny Appellants' motions for leave to file a surreply brief and to supplement the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED