21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
IN RE: UNITED CHAIR, Petitioner.
 No. 94-1175
 United States Court of Appeals, First Circuit.
 March 14, 1994.
 
 Appeal from the United States District Court for the District of Puerto Rico
 Maria Soledad Ramirez-Becerra and Mercado & Soto on Petition for Writ of Mandamus and Addendum to Petition for Writ of Mandamus.
 D.Puerto Rico.
 DENIED.
 Before Breyer, Chief Judge, Torruella and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Petitioner seeks a writ of mandamus directing the district court to set aside its order, pursuant to Fed. R. Civ. P. 42(b), separating the trial of the claims brought by plaintiffs against petitioner from the third party claims brought by petitioner for contribution and indemnity.
 
 
 2
 To be entitled to the writ, a petitioner must, inter alia, "ordinarily demonstrate that something about the order, or its circumstances would make an end-of-case appeal ineffectual or leave legitimate interests unduly at risk." In re Pearson, 990 F.2d 653, 656 (1st Cir. 1993) (quoting In re Recticel Foam Corp., 859 F.2d 1000, 1005-06 (1st Cir. 1988)). Petitioner has failed to show make such a showing.
 
 
 3
 The order for separate trials, rather than ending petitioner's right to pursue its claims against the third party defendants, establishes petitioner's right to a separate trial and judgment. See 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1463, at 473 (1990). Furthermore, unless a lesser judgment is certified by the court, there will be no final judgment until all the issues in the whole case have been determined. Fed. R. Civ. P. 54(b). In either case, upon entry of final judgment, petitioner has the right to appeal the grant of separate trials and to secure a new trial should the separation prove to have been an abuse of discretion. See, e.g., Franchi Constr. Co. v. Combined Ins. Co., 580 F.2d 1, 6-8 (1st Cir. 1978) (ordering new trial upon finding that grant of separate trial was abuse of discretion). The fact that a separate trial will entail delay in any possible recovery against the third party defendants and more burdensome litigation for petitioner is insufficient, by itself, to justify the remedy of mandamus. See In re Pearson, 990 F.2d at 661.
 
 
 4
 Petitioner's request for a writ of mandamus is denied.[1]
 
 
 
 [1]
 For similar reasons, we decline to consider petitioner's challenge to the separation order under the "collateral order" doctrine. See In re Harrington, 992 F.2d 3, 6 (1st Cir. 1993) (collateral order doctrine cannot be invoked unless challenged ruling would result in irreparable harm incapable of vindication on appeal)