# United States Court of Appeals
## For the First Circuit

No. 08-2360

MARIBEL NEGRÓN-ALMEDA, et al.,

Plaintiffs, Appellees,

v.

CARLOS GABRIEL SANTIAGO, et al.,

Defendants,

PUERTO RICO TRADE AND EXPORT COMPANY,

Intervenor, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin and Lipez, Circuit Judges,
and Singal,* District Judge.

Eyck O. Lugo-Rivera, with whom Martinez Odell & Calabria were
on brief, for appellant.
Claudio Aliff-Ortiz, with whom Eliezer A. Aldarondo-López and
Aldarondo & López Bras, PSC were on brief, for appellees.

August 26, 2009

---

* Of the District of Maine, sitting by designation.

**LIPEZ, <u>Circuit Judge</u>**. Plaintiffs were employees of a government agency in Puerto Rico. After being dismissed, they brought suit for political discrimination in violation of the First Amendment. They sought, among other things, reinstatement to their former positions. By the time plaintiffs obtained a jury verdict in their favor, their former employer no longer existed, and its assets had been transferred by the legislature to another entity, the Puerto Rico Trade and Export Company ("COMEX"). COMEX moved to intervene, but the district court denied the motion while still ordering the remedy of reinstatement. In an earlier appeal, we vacated the district court's denial of COMEX's motion for intervention and reversed the judgment of the district court awarding the plaintiffs reinstatement. On remand, the district court permitted COMEX to intervene, but again imposed the reinstatement remedy against it.

On appeal, COMEX argues that the district court should not have enforced the reinstatement remedy against it for two reasons. First, COMEX argues that reinstatement was not available as a remedy, because the district court previously dismissed the official-capacity claims against the defendants and is barred from revisiting that order by the law of the case doctrine. Second, COMEX argues that reinstatement could not be ordered against it because it was not a party to the litigation and cannot be

substituted for a party under Federal Rule of Civil Procedure 25(c) or 25(d).

Finding no error in the district court's rejection of these claims, we affirm.

**I.**

Because we have stated the facts of this case in our previous decisions (this is the third appeal in this case), we only briefly recapitulate them here. See Negrón-Almeda v. Santiago, 528 F.3d 15, 18-21 (1st Cir. 2008); cf. Peguero-Moronta v. Santiago, 464 F.3d 29, 34-53 (1st Cir. 2006) (discussing evidence presented in first trial). Plaintiffs Maribel Negrón-Almeda, Aracelis Gascot-Cuadrado, and Nilda Pérez-Montalvo (collectively "plaintiffs") were career employees of Puerto Rico's Commercial Development Administration ("CDA"). After general elections in 2000 produced a change in political leadership, Carlos Gabriel Santiago ("Santiago") was appointed as Director of the CDA. Santiago and a subordinate, Susana Hernández, dismissed the plaintiffs from their jobs.

In April 2001, plaintiffs brought suit against Santiago in his official and personal capacities and Susana Hernández in her personal capacity (collectively "defendants").[1] The complaint

---

[1] The complaint also named as plaintiffs Miguelina Peguero-Moronta, Asdrúbal Reyes-Lora, and Roberto Rubio-Rolón. It named as a defendant Vilma Jiménez in her official capacity as CDA Director of Human Resources. We do not consider here the claims brought by these plaintiffs or against this defendant. See Negrón-Almeda, 528

-3-

asserted, inter alia, that the defendants had violated 42 U.S.C. § 1983 by terminating the plaintiffs from their positions at CDA on the basis of their membership in an opposition political party, in violation of the First Amendment. Discovery was conducted and both sides moved for summary judgment. On March 31, 2004, the district court entered summary judgment ("the March 31, 2004 order") dismissing the section 1983 claim brought against Santiago in his official capacity, concluding that sovereign immunity precluded the claim.[2]

The remaining claims went to trial, and the district court twice granted motions for judgment as a matter of law in favor of the defendants. See Fed. R. Civ. P. 50(a). Plaintiffs appealed, and we affirmed in part and reversed in part, concluding that the evidence was sufficient for several of the plaintiffs' claims to go to the jury. See Peguero-Moronta, 464 F.3d at 54. Notably, plaintiffs did not appeal the district court's earlier

_____

F.3d at 19 n.1.

[2] The March 31, 2004 order dismisses the section 1983 claims brought against Santiago and Vilma Jiménez, another official-capacity defendant who was later dismissed from the case in an individual capacity. In the order, the district court wrote:

As to plaintiff's section 1983 cause of action against the named Defendants in their official capacity, '[i]t is well settled "that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."' Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 700 (1st Cir. 1995) (citing Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991)).

entry of summary judgment in favor of Santiago on the section 1983 claim brought against him in his official capacity.

The case was retried, and the jury found for the plaintiffs on the section 1983 claim, awarding them both compensatory and punitive damages. Plaintiffs then moved the district court to award the equitable relief sought in the complaint, including "reinstatement to career positions equal or similar to" positions they would have occupied if they had not been unlawfully terminated. Defendants opposed the request for equitable relief, arguing that reinstatement was inappropriate because no public officer remained in the case. Defendants also pointed out that during the pendency of the litigation, CDA had been dissolved and replaced with a new public corporation, COMEX, which had eliminated plaintiffs' former positions. The court denied the defendants' motion and, on April 30, 2007, entered judgment ordering the plaintiffs' reinstatement ("the April 30, 2007 judgment").

Defendants subsequently moved to clarify the April 30, 2007 judgment, again drawing the district court's attention to the fact that it had previously dismissed the official-capacity claims from the case, and the remedy of reinstatement was unavailable against the individual defendants. COMEX moved to intervene as of right, see Fed. R. Civ. P. 24(a), arguing that it had only recently learned of the suit, that CDA had not adequately represented its

interests in the litigation, and that it had an interest in the action and would suffer undue prejudice if forced to reinstate plaintiffs. Simultaneously, COMEX filed a provisional motion with the district court to alter or amend the April 30, 2007 judgment, or in the alternative to vacate it.[3] See Fed. R. Civ. P. 59(e), 60(b). COMEX argued that judgment could not be enforced against it, see Fed. R. Civ. P. 25, and that the controversy was moot in light of the dissolution of the CDA. The district court dismissed COMEX's motion to intervene as untimely, ruling that its March 31, 2004 order, see supra note 2, had "left reinstatement within the realm of remedial possibilities," and concluding that the order should have apprised COMEX that its interests might be affected.

On appeal, we vacated the district court's denial of intervention. See Negrón-Almeda, 528 F.3d at 27. We noted that the March 31, 2004 order had unambiguously dismissed the official-capacity claim against Santiago and removed the reinstatement remedy from the case. Thus, "COMEX had no reason to believe that its interests, as opposed to the interests of the individual defendants, were implicated in the ongoing litigation." Id. at 23-24. We remanded the matter to the district court, and expressly left open the possibility that

---

[3]     In its motion, COMEX erroneously states that the April 30 judgment was entered on May 5, 2007. Reference to the docket entries shows that COMEX means the April 30 judgment.

> the plaintiffs, on remand, may seek to vacate or amend the pertinent provision of the [March 31] 2004 order so as to revive the issue of reinstatement. Should such a motion be made, the district court shall first reconsider COMEX's motion for intervention. Thereafter, it shall afford the intervenor . . . and the defendants an opportunity to be heard on the motion to vacate and/or amend.
>
> In that regard, the court shall consider, among other things, that in their earlier appeal to this court the plaintiffs could have, but did not, mount a challenge to the [March 31,] 2004 order. Thus, the court will have to determine whether that foregone opportunity precludes it from revisiting the [March 31,] 2004 order.

Id. at 27 (internal citations omitted).

On remand, COMEX again moved to intervene and to alter or amend the April 30, 2007 judgment. In the latter motion, COMEX argued that the district court could not revisit its March 31, 2004 order because the order now constituted the law of the case. Even if the district court could revisit the order, COMEX argued, the district court could not enforce reinstatement against COMEX. In response, plaintiffs asked the court to revisit the March 31, 2004 order, permit them to reintroduce the claim for reinstatement into the case, and enforce a judgment against COMEX under Federal Rule of Civil Procedure 25(c), which governs substitution of parties in cases where a party transfers an interest during litigation.

The district court granted COMEX's motion to intervene and denied its motion to alter or amend the April 30, 2007 judgment ordering reinstatement of the plaintiffs. The district court

agreed that the March 31, 2004 order constituted the law of the case, but concluded that it could nonetheless revisit the order under the "manifest injustice" exception to that doctrine.  The court then determined that reinstatement was an appropriate equitable remedy for the plaintiffs' section 1983 claim, and that judgment could be enforced against COMEX pursuant to Federal Rule of Civil Procedure 25(c).

COMEX appeals.  It argues that the law of the case doctrine barred the district court from revisiting the March 31, 2004 order, and that the reinstatement remedy could not be enforced against it under Rules 25(c) or 25(d).

## II.

We turn first to COMEX's contention that the district court erred in revisiting the March 31, 2004 order.  We then address COMEX's argument that the reinstatement remedy can not be enforced against it.

## A. Law of the Case

We review de novo whether the law of the case doctrine applies.  Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005).  Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Wallace, No. 07-1884, 2009 WL 2184670, at *4 (1st Cir. July 23, 2009) (internal quotation marks and citation omitted).  We have

sometimes said that law of the case has "two branches" or two forms.  See, e.g., United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004); Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002). The first branch, called the "mandate rule," "prevents relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate decision in the same case." Moran, 393 F.3d at 7.  The second branch "contemplates that a legal decision made at one stage of a criminal or civil proceeding should remain the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court." Id.; accord Ellis, 313 F.3d at 646.  For example, this branch binds successor appellate panels in a second appeal in the same case unless certain circumstances justify reconsideration.  Wallace, 2009 WL 2184670, at *4-5.

COMEX argues that the district court's March 31, 2004 order granting summary judgment now constitutes the law of the case, and that the district court erred in concluding that it could revisit the order.  COMEX points out that the plaintiffs had an opportunity to appeal the March 31, 2004 order when the district court entered final judgment on plaintiffs' claims on September 28, 2004, but that the plaintiffs failed to do so.  In reply, plaintiffs argue, inter alia, that the March 31, 2004 order is not the law of the case because it was interlocutory.  Even if the

order is the law of the case, they say, the "manifest injustice" exception to the doctrine applies here.

It is true that "[i]nterlocutory orders . . . remain open to trial court reconsideration, and do not constitute law of the case." Pérez-Ruiz v. Crespo-Guillén, 25 F.3d 40, 42 (1st Cir. 1994), quoted in Harlow, 432 F.3d at 55; Vintilla v. United States, 931 F.2d 1444, 1447 (11th Cir. 1991). When it was issued, the March 31, 2004 order did not dispose of the rights and liabilities of all the parties and therefore was not a "final judgment." See Guillemard-Ginorio v. Contreras-Gómez, 490 F.3d 31, 37 n.4 (1st Cir. 2007). Moreover, as the plaintiffs rightly observe, the district court did not certify the order as a partial final judgment under Rule 54(b). See Fed. R. Civ. P. 54(b); In re United Chair, No. 94-1175, 1994 WL 102203, at *1 (1st Cir. Mar. 14, 1994). However, after the district court entered final judgment pursuant to Rule 50(a) on September 28, 2004, the March 31, 2004 order became final. See United States v. Lummi Indian Tribe, 235 F.3d 443, 449 (9th Cir. 2000); United Chair, 1994 WL 102203, at *1. At that point, the order became appealable and the plaintiffs' failure to challenge it fits within the law of the case doctrine. United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993) ("'[A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages

-10-

of the same litigation.'" (alteration in original) (quoting United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993))).

As both parties acknowledge, however, this conclusion does not end the analysis. While law of the case "directs a court's discretion, it does not limit the tribunal's power." Arizona v. California, 460 U.S. 605, 618 (1983); accord Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). COMEX argues that although courts have the power to revisit prior holdings, this power should only be exercised "sparingly." We agree that law of the case serves important interests, such as "stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir. 1991); accord Ellis, 313 F.3d at 646-47 (discussing policy behind law of the case). Courts should therefore be "loathe" to disturb prior decisions in a case. Christianson, 486 U.S. at 817. Nevertheless, courts may reopen a matter previously decided on "a showing of exceptional circumstances-a threshold which, in turn, demands that the proponent accomplish one of three things: show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision

-11-

will, if uncorrected, result in a serious injustice." <u>Bell</u>, 988 F.2d at 251.

Plaintiffs argue that the district court was correct to revisit and revise its March 31, 2004 order. We agree on the basis of the serious injustice exception to the law of the case doctrine. <u>See</u> <u>Wallace</u>, 2009 WL 2184670, at *5. First, in our most recent decision in this case, we directed the district court to consider the application of the law of the case doctrine to plaintiffs' motion to vacate and/or amend the March 31, 2004 order. We would not have done that if we had concluded that law of the case necessarily barred reconsideration.

Second, as the district court acknowledged, its original decision to grant summary judgment in favor of defendant Santiago on the claims against him in his official capacity was obviously wrong. The very authority on which the district court relied in granting summary judgment, <u>Wang</u> v. <u>New Hampshire Board of Registration in Medicine</u>, 55 F.3d 698 (1st Cir. 1995), states that "it is well settled that neither a state agency nor a state official acting in his official capacity may be sued <u>for damages</u> in a section 1983 action." <u>Id.</u> at 700 (emphasis added) (internal quotation marks and citation omitted). In contrast to damages, the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials in their official capacity. <u>See</u>

Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002) (discussing Ex parte Young, 209 U.S. 123, 159-60 (1908)).

Third, the grant of summary judgment was highly prejudicial to the plaintiffs. It prevented them from obtaining the equitable relief they sought and to which the district court determined they were otherwise entitled after hearing objections from COMEX. Cf. Sulik v. Taney County, Mo., 393 F.3d 765, 766 (8th Cir. 2005) (holding that to let stand a dismissal that was based on an error about the statute of limitations would work a manifest injustice).

Because the serious injustice exception to the law of the case doctrine applies, the district court did not err in revisiting and amending the March 31, 2004 order.[4]

## B. Substitution of Parties

COMEX argues that even if it was proper for the district court to revisit the March 31, 2004 order, reinstatement could not be ordered against it, because it was never a party to the litigation and cannot be substituted for a party under Federal Rule of Civil Procedure 25(c) or 25(d), which govern the substitution of

---

[4] We reject COMEX's contention that principles of res judicata also bar the district court from revisiting its March 31, 2004 order. "[L]aw of the case is concerned with the extent to which law applied in a decision at one stage of litigation becomes the governing principle in later stages of the same litigation. Res judicata does not speak to direct attacks in the same case, but rather has application in subsequent actions." Rezzonico v. H & R Block, Inc., 182 F.3d 144, 148 (2d Cir. 1999).

parties. Plaintiffs respond that COMEX can be substituted for CDA under Rule 25(c), and we agree.

Rule 25(c) governs substitution where a party to a lawsuit transfers an interest during the pendency of the lawsuit or after judgment has been rendered. Explosives Corp. of Am. v. Garlam Enters. Corp., 817 F.2d 894, 905 (1st Cir. 1987). According to the rule, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). As we have described it, the rule is a discretionary "procedural vehicle" in which "the transferee is brought into court solely because it has come to own the property in issue." Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003) (internal quotation marks and citation omitted). The rule applies to a wide variety of transfers in interest. 6 Jerry E. Smith, Moore's Federal Practice - Civil § 25.32 (2009). We have noted, for example, that Rule 25(c) has been "invoked to substitute a successor in interest who . . . obtained the assets of the corporation against whom judgment had been rendered." Explosives Corp., 817 F.2d at 906 (citing Panther Pumps & Equip. Co. v. Hydrocraft Inc., 566 F.2d 8 (7th Cir. 1977)).

In this case, CDA was initially the real party in interest in the plaintiffs' official-capacity claim against

-14-

Santiago. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which the officer is an agent." (internal quotation marks and citation omitted)). Plaintiffs argue that CDA's interest in the litigation was transferred by legislative act, namely, Act 323 of December 28, 2003, in which the Puerto Rico Legislative Assembly repealed the statute creating the CDA and transferred all CDA assets to COMEX. See 2003 P.R. Laws Act 323 (codified at P.R. Laws Ann. tit. 7, §§ 1227, 1227a-r). Section 21(a) of Act 323 "conveyed and transferred" to COMEX "[a]ll assets of every type, including copyrights, agreements, liabilities, licenses and permits belonging to the [Commercial Development] Administration." See id. (codified at P.R. Laws Ann. tit. 7, § 1227q). We have previously held that a statutory provision expressly transferring "all assets" from a defendant to a governmental entity constituted a transfer in interest for purposes of Rule 25(c). Barrows v. Resolution Trust Corp., No. 94-1555, 1994 U.S. App. LEXIS 32038, at *5 (1st Cir. Nov. 15, 1994); see also Payne v. Sec. Sav. & Loan Ass'n, 924 F.2d 109, 111 (7th Cir. 1991) (similar).

COMEX argues that Rule 25(c) is an inappropriate mechanism of transfer in a section 1983 action against an officer in his official capacity, and that the transferee COMEX cannot be substituted for CDA because it enjoys CDA's Eleventh Amendment sovereign immunity. We disagree that Rule 25(c) is always inappropriate in a section 1983 action against an officer in his official capacity. Rather, we have held that where a government entity was substituted under Rule 25(c) for an official-capacity defendant in a section 1983 action, the substituted entity was entitled to its sovereign immunity. See Maysonet-Robles, 323 F.3d at 49-50. In this case, however, CDA and COMEX do not enjoy sovereign immunity against the plaintiffs' requests for reinstatement. As discussed, supra, "consistent with the Eleventh Amendment . . . federal courts may, notwithstanding the absence of consent, waiver or evidence of congressional assertion of national hegemony, enjoin state officials to conform future conduct to the requirements of federal law." Lane v. First Nat'l Bank of Boston, 871 F.2d 166, 172 n.5 (1st Cir. 1989) (internal quotation marks and citation omitted). This rule includes ordering reinstatement. Nelson v. Univ. of Tex., 535 F.3d 318, 321-22, 324 (5th Cir. 2008).

Affirmed.