**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 15-1609

UNIVERSAL TRUCK & EQUIPMENT COMPANY, INC.; NEW LONDON MINING
MANUFACTURING & PROCESSING, LLC; NICHOLAS E. CAMBIO,
individually and as Trustee of the Nicholas E. Cambio, Roney A.
Malafronte and Vincent A. Cambio Trust; VINCENT A. CAMBIO,

Plaintiffs, Appellants,

v.

CATERPILLAR, INC.; CATERPILLAR FINANCIAL SERVICE CORPORATION,

Defendants, Appellees,

W. FRANK BLOUNI; JOHN R. BRAZIL; DANIEL M. DICKINSON; JOHN T.
DILLON; EUGENE V. FIFE; GAIL D. FOSLER; JUAN GALLARDO; DAVID R.
GOODE; PETER A. MAGOWAN; WILLIAM A. OSBORN; JAMES W.L. OWENS;
CHARLES D. POWELL; EDWARD B. BUST, JR.; SUSAN C. SCHWAB; JOSHUA
I. SMITH; KENT ADAMS; JIM DUENSING; PETER D'AGOSTINO;
SOUTHWORTH-MILTON, INC.,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

---

Before

Torruella, Lipez, and Thompson,
Circuit Judges.

---

Richard G. Riendeau, for appellants.

A. Neil Hartzell, with whom LeClairRyan, PC was on brief, for appellees.

———————————

June 27, 2016

———————————

**THOMPSON**, <u>Circuit Judge</u>.

**Stage Setting**

Today's case involves a routine commercial-collection matter gone awry. The parties know the facts — some of which are recounted elsewhere, see <u>Universal Truck & Equip. Co.</u> v. <u>Southworth-Milton, Inc.</u>, 765 F.3d 103, 105-07 (1st Cir. 2014) ("<u>Universal I</u>," from now on) — so a simple summary suffices.

Plaintiff New London entered into an installment contract with Defendant Caterpillar Financial to buy 22 pieces of heavy equipment for about $3.4 million. The remaining Plaintiffs listed in our caption signed personal guarantees of New London's obligations. New London later defaulted on its payments. But Caterpillar Financial agreed to renegotiate the terms. Unfortunately, New London defaulted on those terms too.

Things eventually turned litigious, unsurprisingly. Sprinting to Rhode Island state court, Plaintiffs sued Caterpillar Financial, Caterpillar, Inc., Southworth (a Caterpillar-equipment dealer), individual members of Caterpillar, Inc.'s board of directors, as well as an individual employee — Peter D'Agostino — of Southworth. Plaintiffs' complaint alleged claims for breach of contract and related wrongs. All Plaintiffs are Rhode Island citizens. And all Defendants are citizens of other states — all,

that is, except Defendant D'Agostino, who is a Rhode Island citizen.

Defendants Caterpillar Financial and Southworth later counterclaimed for (among other things) breach of contract. The individual Defendants — including Defendant D'Agostino — moved to dismiss the claims against them. And the state court granted the motion.

Before a partial final judgment could enter, see R.I. Super. Ct. R. Civ. P. 54(b), Defendants Caterpillar Financial, Caterpillar, Inc., and Southworth removed the case to federal court on diversity grounds. These corporate Defendants argued that diversity arose after the state court dismissed Defendant D'Agostino from the case. They also argued that they had timely removed the case because they had filed the removal notice within 30 days of the state court's dismissal order.

Unpersuaded, Plaintiffs filed a remand motion, arguing that removal was improper because Defendant D'Agostino's dismissal had not "occurred as a result of" Plaintiffs' "voluntary action" and the dismissal order "had not become final" at the time of removal. Defendants countered that Plaintiffs' claims against Defendant D'Agostino had no reasonable chance of success under state law — Plaintiffs had "fraudulently joined" him to defeat removal (the argument continued) and so the judge should disregard

- 4 -

him for purposes of determining diversity. Plaintiffs disputed the fraudulent-joinder charge, insisting that Defendant D'Agostino's joinder "had nothing to do with his citizenship or any intent" on Plaintiffs' part "to thwart removal." Agreeing with Defendants' fraudulent-joinder thesis, the district judge denied Plaintiffs' remand motion, see Universal I, 765 F.3d at 107 — "there is not and was not a colorable claim against the Defendant, D'Agostino," the judge stressed in his oral ruling, "and therefore there was diversity and removal to this [c]ourt was appropriate."

After discovery, all Defendants moved for summary judgment on Plaintiffs' claims. Defendants Caterpillar Financial and Southworth also moved for summary judgment on their counterclaims. In a detailed and thoughtful order, the judge granted Defendants' motion. Deeming Plaintiffs' claims against Southworth frivolous, the judge awarded Southworth its attorney fees. The judge later entered a partial final judgment "for Defendant Southworth and against all Plaintiffs." See Fed. R. Civ. P. 54(b). Issues concerning damages for Caterpillar Financial and attorney fees for Caterpillar Financial and Caterpillar, Inc. remained unresolved at that time.

Plaintiffs appealed against Defendant Southworth, challenging the judge's remand denial, grant of summary judgment,

- 5 -

and attorney-fees award. After oral argument here but before our decision, Plaintiffs asked the district judge to reconsider his remand ruling, arguing for the first time — some three years after the judge's original ruling — that Defendants' failure to raise their fraudulent-joinder theory within 30 days of receiving service of the state-court complaint (as opposed to 30 days after Defendant D'Agostino's dismissal) made their removal improper. Opposing Plaintiffs' reconsideration effort, Defendants Caterpillar Financial and Caterpillar, Inc. argued that Plaintiffs' appeal divested the district court of jurisdiction to act on the motion. They also argued that their "position is and continues to be" that Plaintiffs' fraudulent joinder of Defendant D'Agostino barred remand to state court.

The district judge did not take on Plaintiffs' reconsideration motion until after our Universal I decision came down — a decision that affirmed the judge's original order denying remand, as well as his summary-judgment and attorney-fees rulings for Defendant Southworth. See 765 F.3d at 105. We will have more to say about Universal I in just a bit. Anyway, the judge ended up denying Plaintiffs' reconsideration motion, noting that he had orally denied their original remand motion after "adopting Defendants' fraudulent joinder theory" and that Universal I's affirmance of his earlier remand ruling required him to deny the

reconsideration request.  And after concluding that "Plaintiffs' claims presented no justiciable issues of law or fact and exhibited bad faith," the judge entered a judgment against Plaintiffs and in favor of Defendants — awarding Defendant Caterpillar, Inc. $68,181.89 in attorney fees and costs (relying "on either [the court's] inherent power or Rhode Island law") and Defendant Caterpillar Financial $2,553,203.50 in damages plus $235,192.97 in attorney fees and costs (finding an entitlement to fees and costs under the agreement).  The judge held Plaintiffs "jointly and severally liable" for the judgments.

Which takes us to the present, with Plaintiffs arguing that the judge triply erred:  Giving us a sense of déjà vu, they contend — as they did in Universal I — that the judge stumbled by not remanding the case to state court.[1]  Next they argue that the judge blundered by granting Caterpillar Financial and Caterpillar, Inc. summary judgment on all claims.  And finally they argue that the judge slipped by awarding Caterpillar Financial and

---

[1] We read Plaintiffs' brief as contesting the judge's original remand denial, not his denial of the reconsideration motion.  But even if we are wrong about that, Plaintiffs would gain nothing. And that is because, as Defendants note, Plaintiffs based their reconsideration argument on a new theory — that Defendants botched matters by not raising the fraudulent-joinder theory within 30 days of service — and "a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003).

Caterpillar, Inc. attorney fees.  For our part, however, we see no reason to undo what the judge did.

## Remand Ruling

A defendant may remove a civil case from state to federal court only if the federal court has "original jurisdiction" over the action, see Universal I, 765 F.3d at 108-09 — for example, if the parties are of diverse citizenship and the stakes exceed $75,000, see McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 211-12 (1st Cir. 2012).  A defendant looking to remove a case must file a notice of removal within 30 days of receiving a copy of the initial pleading.  See Universal I, 765 F.3d at 108.  But if the case is not removable from the get-go (because of, say, a lack of complete diversity among the parties), the defendant must file the removal notice within 30 days of when the case "become[s] removable" — provided the case is less than one year old.  See id. (quoting 28 U.S.C. § 1446(b)(3)).  A case may "become removable" in the diversity context if "through service or otherwise . . . of a copy of an amended pleading, motion, order or other paper . . . it may first be ascertained that" the parties' citizenship is diverse.  28 U.S.C. § 1446(b)(3).[2]

---

[2] As we said in Universal I, "[t]he parties now apparently agree that the original asserted grounds for removal — the dismissal of D'Agostino — was not proper because the state court decision was not final in the sense that it was not voluntary, and still subject to review on appeal."  764 F.3d at 108.  So we did not then and do

- 8 -

Trying yet again to get us to kibosh the judge's remand ruling, Plaintiffs offer a kitchen-sink's worth of arguments, though their contentions basically turn on a common theme — namely, that Defendants waited too long to remove this action, so the judge should have remanded the case back to state court. But <u>Universal I</u> knocks the legs out from under their theory.

There, we held that these same Plaintiffs had no "reasonable possibility" of succeeding against the non-diverse defendant, Defendant D'Agostino — they had thrown him in, we said, only to defeat diversity jurisdiction. <u>Id.</u> And this "fraudulent joinder" — a theory Defendants argued below, which the judge "agree[d]" with — was obvious on the face of Plaintiffs' state-court complaint. <u>Id.</u> at 107, 108. So, we added, Defendants knew (or should have known) from the case's beginning that they could remove the suit to federal court under diversity jurisdiction. <u>See id.</u> at 108. And that means they had to remove the case within 30 days of service. <u>See id.</u> They did not. <u>See id.</u> But Plaintiffs had "raised no objection" below about "the timeliness of a removal based on fraudulent joinder." <u>Id.</u> at 107. In other words, while "[D]efendants failed to remove this lawsuit due to fraudulent

_____

not now address whether the 30-day clock begins running on a state court's yet-to-be-appealed or unappealed dismissal of a diversity-destroying party.

- 9 -

joinder in a timely manner, . . . [P]laintiffs never argued" to the district judge that Defendants' "fraudulent joinder theory was untimely." Id. at 109-10. Noting that the 30-day-time limit "is not jurisdictional" and thus can be "waive[d]" if not seasonably raised, we found that Plaintiffs' silence below on this fraudulent-joinder issue constitutes a waiver. Id. at 110, 111. And with that, we affirmed the judge's decision not to remand the removed case to state court. Id. at 111, 112.

At oral argument in the present appeal, Plaintiffs candidly conceded that Universal I specifically rejected the very claims they make here about the removal's (supposed) untimeliness. They just think that Universal I does not bind us — it is not "law of the case" — basically because (as they see it) the panel there got two things wrong: first, they say the panel wrongly concluded that they had "never argued that fraudulent joinder was untimely"; and second, they claim the panel wrongly thought that the district judge denied the remand motion based on a finding of fraudulent joinder.

The law-of-the-case doctrine "binds a successor appellate panel in a second appeal in the same case to honor fully the original decision." United States v. Matthews, 643 F.3d 9, 13 (1st Cir. 2011) (internal quotation marks omitted). Of course, like most judicial doctrines, this one has its exceptions — though

the list is "short" and "narrowly cabined," see <u>United States</u> v. <u>Rivera-Martinez</u>, 931 F.2d 148, 151 (1st Cir. 1991), only covering situations involving "exceptional circumstances," see <u>Negrón-Almeda</u> v. <u>Santiago</u>, 579 F.3d 45, 51 (1st Cir. 2009). An important exception (the one Plaintiffs try to invoke) provides that a litigant can avoid the doctrine's "application . . . by showing that the earlier decision is blatantly erroneous and, if uncorrected, will work a miscarriage of justice," see <u>Matthews</u>, 643 F.3d at 14 — a hard-to-satisfy standard that requires us to have "a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong, and resulted in prejudice," see <u>United States</u> v. <u>Moran</u>, 393 F.3d 1, 8 (1st Cir. 2004) (internal quotation marks omitted).

Moving from the general to the specific, we find that this exception offers Plaintiffs no refuge. Take their first claim of blatant error — that we wrongly concluded in <u>Universal I</u> that they had "never argued that the fraudulent joinder theory was untimely": Hoping to give their claim an aura of plausibility, Plaintiffs point out that they had said in their memo supporting their remand bid that "Defendants failed to" remove the case "within 30 days of" the case's "initiation . . . in state court." True. But a review of Plaintiffs' remand papers shows they did <u>not</u> argue there (as they do here) that Defendants failed to <u>timely</u>

- 11 -

assert their fraudulent-joinder theory.  See Universal I, 765 F.3d at 110.  So their opening blatant-error claim misfires.

The same is true of their second blatant-error claim — that we wrongly concluded in Universal I that the judge had rebuffed their remand bid on fraudulent-joinder grounds:  Recall that in opposing the remand motion, Defendants raised a fraudulent-joinder theory premised on Plaintiffs' offering no state-law basis for recovery against Defendant D'Agostino.  Well, in words that echoed Defendants' argument, the judge — in delivering an oral decision denying Plaintiffs' remand motion — held that Plaintiffs had no "colorable claim" against Defendant D'Agostino.  On top of that, in rejecting Plaintiffs' reconsideration motion, the judge made it crystal clear that he had indeed "adopt[ed] Defendants' fraudulent joinder theory" in spurning Plaintiffs' remand motion. And given this record, we cannot say that Universal I blatantly erred in describing fraudulent joinder as the basis for the judge's remand denial.

Because Plaintiffs have not satisfied the blatant-error step, we need not consider whether they can satisfy the prejudice step.[3]  What this means is that the law-of-the-case doctrine

_____

[3]  Plaintiffs also vaguely accuse the Universal I panel of "condon[ing]" what it calls Defendants' "'fraudulent joinder by hindsight' tactic."  But Plaintiffs say this only in the "summary of the argument" section to their reply brief — the body of that brief's argument section does not discuss how the panel's supposed

- 12 -

applies here, not the narrow exception that Plaintiffs seek to exploit. So Plaintiffs' assault on the judge's remand ruling goes nowhere.

### Summary-Judgment and Attorney-Fee Rulings

Less need be said about Plaintiffs' challenges to the judge's summary-judgment and attorney-fee rulings. When a district judge pens a cogent, well-reasoned decision, we appellate judges should resist the urge to put matters into our own words. See, e.g., Moses v. Mele, 711 F.3d 213, 215-16 (1st Cir. 2013) (noting that because "starting from scratch and building a rationale from the ground up is sometimes an extravagant waste of judicial resources," we have long held that when a lower-court judge "accurately takes the measure of a case, persuasively explains its reasoning, and reaches a correct result, it serves no useful purpose for a reviewing court to write at length in placing its seal of approval on the decision below"); deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014) (similar). Because this is such an instance, we affirm the judge's

---

"condon[ing]" brings them within the longed-for exception to the law of the case. Consequently we need say no more about that subject. See, e.g., United States v. Trinidad-Acosta, 773 F.3d 298, 310 n.5 (1st Cir. 2014) (deeming waived arguments alluded to in the brief's summary-of-the-argument section but not developed elsewhere).

summary-judgment and attorney-fee rulings for substantially the reasons outlined in his persuasive decisions. And that is that.

## Final Words

Having fully considered Plaintiffs' many arguments (including some not mentioned above, because they deserve no discussion), we let the judge's decisions stand.

**<u>Affirmed</u>**.