# United States Court of Appeals
## For the First Circuit

No. 24-1642

POWER RENTAL OP CO, LLC,

Plaintiff, Appellee,

v.

VIRGIN ISLANDS WATER AND POWER AUTHORITY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. María Antongiorgi-Jordán, U.S. District Judge]

Before

Gelpí and Kayatta, Circuit Judges,
and Smith,* District Judge.

Carlos A. García-Pérez, with whom Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP was on brief, for appellant.
Herman G. Colberg-Guerra, with whom Pietrantoni Méndez & Álvarez LLC was on brief, for appellee.

June 11, 2025

* Of the District of Rhode Island, sitting by designation.

**SMITH**, **District Judge**.  This case arises from a writ issued by the U.S. District Court for the District of Puerto Rico and served upon a bank account of Appellant Virgin Islands Water and Power Authority ("WAPA") at a FirstBank branch in Puerto Rico.  WAPA filed an emergency motion to quash the writ in which it challenged the District of Puerto Rico's jurisdiction to issue the writ.  The district court denied the motion.  It found that the separate entity rule -- which states that every individual bank branch is considered a separate entity for jurisdictional purposes -- did not apply, and it accordingly had jurisdiction to issue the writ.  Now, WAPA again challenges the district court's jurisdiction.  We agree with the district court's conclusion that the separate entity rule does not apply.  We therefore affirm the district court's order.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Appellee Power Rental Op Co, LLC ("Power Rental") is a limited liability company with its headquarters and principal place of business in Florida.  Power Rental provides water- and energy-related services and rents related equipment and systems to customers.  WAPA is a municipal corporation existing under the laws of the U.S. Virgin Islands.  It provides water and power to residential and commercial customers in the Virgin Islands.

In February 2012, General Electric International ("GE") and WAPA entered into an agreement (the "Rental Agreement") for GE

to provide WAPA with water- and energy-related services and rental equipment in exchange for monthly payments. In 2013, Power Rental acquired GE and assumed ownership of the Rental Agreement. By 2019, WAPA owed Power Rental $14,291,986.00 under the Rental Agreement. Power Rental agreed to reduce the amount owed to $9,310,971.00 in exchange for WAPA issuing a promissory note (the "Note") for the reduced amount. The Note, which is governed by New York law, also provides:

> [WAPA] hereby irrevocably and unconditionally agrees that, to the extent permitted by Applicable Law, (i) should any proceeding be brought against [WAPA] or its assets (other than [WAPA]'s electric system and equipment, its electric distribution assets, and assets protected by diplomatic and consular privileges legislation analogous to the 1976 Sovereign Immunities Act of the United States (the "Protected Assets")) in any jurisdiction in connection with this Note, no claim of immunity from such proceedings shall be claimed by or on behalf of [WAPA] on behalf of itself or any of its assets (other than Protected Assets); [and] (ii) it waives any right of immunity which it or any of its assets (other than Protected Assets) now has or may in the future have in any jurisdiction in connection with any such proceedings . . . .

In June 2020, WAPA defaulted on the Note. Power Rental then sued in Florida state court alleging breach of the Note, services rendered, and quantum meruit. Power Rental also filed an ex parte motion for pre-judgment writs of garnishment. The state court granted these writs. WAPA removed the case to the Middle

- 3 -

District of Florida, where the court issued a number of orders. Most relevant are: (1) a July 2021 order granting WAPA's motion to dissolve the Florida state court-issued pre-judgment writs of garnishment; (2) another July 2021 order granting in part Power Rental's motion for summary judgment; and (3) a June 2023 order granting Power Rental's motion for an order directing WAPA to complete a fact information sheet.

First, the Middle District of Florida ruled on WAPA's motion to dissolve the pre-judgment writs of garnishment issued by the Florida state court. See Power Rental Op Co, LLC v. V.I. Water & Power Auth., No. 20-cv-1015, 2021 WL 9881137 (M.D. Fla. July 6, 2021). WAPA argued that the Florida state court lacked jurisdiction to issue the writs because WAPA did not have bank accounts located in Florida. See id. at *1. The Middle District of Florida framed the issue as "whether trial courts must have in rem jurisdiction over assets to issue a prejudgment writ of garnishment, and what is the situs/location of a bank account in light of modern banking practices." Id. at *2. The court examined Florida state and Middle District of Florida precedent, as well as the Florida state garnishment statute. See id. at *2-8. It concluded that Florida state courts "must have in rem jurisdiction over bank accounts to garnish them" and that "the Florida garnishment statute does not apply extraterritorially to out-of-state bank accounts." Id. at *8. Because Power Rental did not

- 4 -

demonstrate that WAPA's accounts were in Florida, the Middle District of Florida found that the Florida state court did not have in rem jurisdiction over WAPA's accounts and dissolved the writs of garnishment. See id. at *9. The court also noted that Power Rental submitted documents suggesting that WAPA maintained accounts in Puerto Rico, but not in Florida. See id.

Also in July 2021, the Middle District of Florida granted Power Rental's motion for summary judgment on its claim that WAPA breached the Note. See Power Rental Op Co., LLC v. V.I. Water & Power Auth., 548 F. Supp. 3d 1193, 1202 (M.D. Fla. 2021). The court found that WAPA's sovereign immunity arguments failed because Virgin Islands immunities law does not preclude judgments against WAPA or preclude WAPA from using its assets to satisfy such judgments. Id. at 1201. The court also disagreed with WAPA's argument that Power Rental's claims were barred due to material breach. In so holding, it reasoned that under New York law (which applies substantively to the Note), WAPA waived all defenses under the terms of the Note. See id. The court therefore entered summary judgment in favor of Power Rental in the amount of $6,519,743.57, as well as an additional $349,279.32 in attorney's fees. Power Rental Op Co., LLC v. V.I. Water & Power Auth., No. 20-cv-1015, 2021 WL 5457070, at *2 (M.D. Fla. Oct. 13, 2021).

Following the grant of summary judgment, Power Rental sought an order from the Middle District of Florida directing WAPA

to complete a "Fact Information Sheet" under federal and Florida civil procedure rules. See Power Rental Op Co, LLC v. V.I. Water & Power Auth., No. 20-cv-1015, 2023 WL 4187095, at *1 (M.D. Fla. May 31, 2023), report and recommendation adopted, 2023 WL 4181246 (M.D. Fla. June 26, 2023). WAPA argued that its assets were immune from collection and that it had no assets in Florida, so it should not be compelled to complete the information sheet. See id. The Middle District of Florida found that WAPA waived any statutory exemption defense from post-judgment execution proceedings by the terms of the Note and ordered WAPA to complete the sheet. See id. at *2-3.

WAPA filed an appeal on January 25, 2022, but the Eleventh Circuit issued an Order of Voluntary Dismissal following WAPA's corresponding motion. See Power Rental OP CP, LLC v. V.I. Water & Power Auth., No. 21-13986-JJ, 2022 WL 482169 (11th Cir. Jan. 25, 2022).

On February 23, 2024, Power Rental registered the judgment obtained in the Middle District of Florida with the U.S. District Court for the District of Puerto Rico. See Power Rental Op Co, LLC v. V.I. Water & Power Auth., No. 24-mc-70, 2024 WL 2805162, at *1 (D.P.R. May 31, 2024). The District Court of Puerto Rico granted Power Rental's Motion for Execution of Judgment and issued a Writ of Execution (the "Writ"). See id. The U.S. Marshal served the Writ on FirstBank in Puerto Rico on April 16, 2024,

resulting in the levy of approximately $6.9 million of WAPA's funds in bank accounts with FirstBank's branches in the Virgin Islands.

On April 18, 2024, WAPA filed an Emergency Motion to Quash Writ of Execution of Judgment. See id. WAPA argued that the Writ was unlawful because the funds in its FirstBank Virgin Islands account were entirely exempt from a writ of execution under V.I. Code Ann. tit. 30, § 111 ("Section 111"),[1] which precludes execution of judgments against WAPA upon its assets. See id. at *4. WAPA argued further that Power Rental's registration of the judgment in Puerto Rico did not grant the Puerto Rico court authority to levy a Virgin Islands account, which is outside of the District of Puerto Rico's jurisdiction. See id. at *7. Power Rental responded that the Writ should not be quashed because the Middle District of Florida had already resolved these issues, the Note waived the funds' statutory exemption from execution, and there was no jurisdictional bar to the Puerto Rico court levying funds in FirstBank's Virgin Islands branch. See id. at *4-10.

On May 31, 2024, the District of Puerto Rico denied WAPA's Emergency Motion to Quash Writ of Execution of Judgment

---

[1] V.I. Code Ann. tit. 30, § 111 provides, in relevant part:

(a) All property including funds of [WAPA] shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against [WAPA] be a charge or lien upon its property . . . .

(the "Order"). See id. at *10. The court found that the issue of whether the Writ was unlawful under Section 111 had already been litigated before the Middle District of Florida, which held that WAPA waived its statutory exemption from post-judgment execution proceedings. See id. at *4. The court declined to revisit this issue because of the law of the case doctrine. See id. at *4-6. The court then addressed the jurisdictional issue "given the accessibility of modern bank accounts across state lines." Id. at *7. The court examined whether the "separate entity rule" should apply such that the District of Puerto Rico would need jurisdiction over the FirstBank branch holding WAPA's funds -- not just any FirstBank branch -- to issue the Writ. See id. The court, predicting how the Supreme Court of Puerto Rico would decide the issue, reasoned:

> [I]n this era of computerized banking, accessing funds or wire transfers can be done online, instantaneously, and worldwide, especially within the same bank. Rather than physically sitting in a bank vault, modern banking has rendered money to be entirely intangible. This development in technology has caused the location of a specific branch to be immaterial when trying to access one's funds. Simply put, "the basis and rationale of the separate entities rule appears to be based on an antiquated view of the banking system that predates modern computerized banking."

Id. at *9 (quoting Boland Marine & Indus., LLC v. Bouchard Transp. Co., 20-cv-66, 2020 WL 10051743, at *6 (W.D. Tex. Feb. 28, 2020),

- 8 -

report and recommendation adopted, 2020 WL 10051738 (W.D. Tex. Mar. 26, 2020)). In support of its finding that the separate entity rule was outdated and should not apply, the court noted that FirstBank Puerto Rico easily froze WAPA's account, despite that it was first opened in the Virgin Islands. See id. Therefore, the court found that it had jurisdiction to issue the Writ. Id.

WAPA's timely appeal of the Order followed.

## II. ANALYSIS

A. *Jurisdiction and the Separate Entity Rule*

WAPA first argues that the Order should be reversed, and the Writ quashed, because WAPA's levied Virgin Islands account is outside of the District of Puerto Rico's jurisdiction. WAPA urges us to adopt the separate entity rule to reach this conclusion. According to WAPA, the separate entity rule states that every bank account has a particular situs. That situs is the location of the branch that actually holds the debtor's funds. Under the rule, each branch is a separate entity, and funds can only be seized by serving a writ at the branch actually holding the funds of the debtor. See Marisco, Ltd. v. Am. Sam. Gov't, 889 F. Supp. 2d 1244, 1249-50 (D. Haw. 2012). Thus, WAPA contends, courts may not reach assets held in bank branches outside of their jurisdiction to satisfy judgments.

WAPA explains that to establish an account's branch location, courts may look to deposit slips, account opening

documents, or other information showing accounts' locations. WAPA's (1) dealings in setting up the account; (2) depositing funds into the account electronically or by paper; (3) giving instructions to FirstBank regarding the account; (4) receiving advice regarding the account; and (5) directing transactions from the account, all took place at branches in the Virgin Islands, not in Puerto Rico. Thus, WAPA claims that its FirstBank accounts are located in FirstBank Virgin Islands, not FirstBank Puerto Rico.

Power Rental responds that the separate entity rule has not been adopted in Puerto Rico and has been increasingly rejected as outdated in other jurisdictions. Power Rental argues that WAPA's invocation of the rule is obsolete and incongruent with modern banking operations, given that the rule was originally intended to prevent both undue interference in banking transactions and potential multiple liabilities across different jurisdictions. Power Rental relies on the fact that FirstBank's Puerto Rico headquarters was able to comply with the Writ without any problems as evidence that compliance with the Writ did not cause interference of the sort the separate entity rule originally was intended to combat.

Power Rental also points out that the Middle District of Florida previously stated that WAPA had wired over $5 million to Power Rental from accounts at FirstBank and other banks in Puerto Rico. Power Rental states that it was therefore already

settled that WAPA had accounts at FirstBank in Puerto Rico, so Power Rental enforced the Writ in Puerto Rico <u>after</u> having evidence that WAPA had accounts and funds in Puerto Rico. Power Rental's ability to easily attach funds from FirstBank Puerto Rico is compatible with the theory that WAPA had funds in Puerto Rico, not only in the Virgin Islands. But according to WAPA, the fact that funds may have been wired from a Puerto Rico branch does not change the fact that the situs of the funds and bank account is the Virgin Islands for purposes of jurisdiction and execution of the Writ.

We review the district court's Order as it concerns the application of the separate entity rule de novo. See <u>Am. Trucking Ass'ns</u> v. <u>Alviti</u>, 14 F.4th 76, 86 (1st Cir. 2021) ("We review de novo the denial of a motion to quash to the extent that it turns on purely legal questions, and for abuse of discretion otherwise."). Under Federal Rule of Civil Procedure 69(a)(1), the district court must execute the Writ in accordance with Puerto Rico's local procedural rules. See <u>Whitfield</u> v. <u>Municipality of Farjardo</u>, 564 F.3d 40, 43 n.2 (1st Cir. 2009) ("Puerto Rico is deemed the functional equivalent of a state for the purposes of Rule 69(a)."). But because Puerto Rico's corresponding rule of civil procedure, Rule 51.10 of the Rules of Civil Procedure of Puerto Rico, is silent regarding the jurisdictional issue here and there is no authoritative case law from Puerto Rico as to whether the separate entity rule applies, we must predict whether the

Supreme Court of Puerto Rico would find jurisdiction in this case. See Candelario del Moral v. UBS Fin. Servs. Inc. of P.R., 699 F.3d 93, 104 (1st Cir. 2012). As explained below, we agree that the Supreme Court of Puerto Rico would not apply the separate entity rule, and the District of Puerto Rico had jurisdiction to issue the Writ.

The separate entity rule derives from New York jurisprudence from the 1930s. See Bluebird Undergarment Corp. v. Gomez, 249 N.Y.S. 319, 321 (City Ct. 1931). It has been used in determining courts' jurisdiction over bank accounts across state and foreign borders. See Marisco, 889 F. Supp. 2d at 1249-50. The rule provides "that foreign branches of a bank are not subject to execution through process on an in-state office or branch of the bank." Id. at 1247. The rule is titled "the separate entity rule" because it treats each bank branch as a separate entity for purposes of attachment, meaning a court must have jurisdiction over the bank branch that actually holds the subject funds -- and not merely over any branch -- to attach the funds. See id. at 1249-50.

As the district court accurately explained, however, through developments in technology, modern banking has evolved such that "the location of a specific branch [is] immaterial when trying to access one's funds" because "accessing funds or wire transfers can be done online, instantaneously, and worldwide,

- 12 -

especially within the same bank." Power Rental, 2024 WL 2805162, at *9. Indeed, that was the case here, as FirstBank Puerto Rico instantly and easily froze WAPA's accounts in response to the Writ, despite that WAPA opened the account in the Virgin Islands (and despite all the other account-related interactions that WAPA had with FirstBank within the Virgin Islands).

As Power Rental points out, multiple states have rejected the separate entity rule as antiquated, choosing instead to align their jurisdictional precedent with the realities of modern banking. See, e.g., Boland Marine, 2020 WL 10051743, at *6 (collecting cases across jurisdictions to support the proposition that "a growing number of other courts appear to be rejecting the rule as outdated and instead finding that a bank account is located anywhere the account holder has access to it"). Still, WAPA is correct to point out that some jurisdictions, including the Second Circuit and the Middle District of Florida in an underlying order here, continue to apply the separate entity rule. For example, in Motorola Credit Corp. v. Uzan, the Southern District of New York reasoned that the separate entity rule applied such that service of an injunction on assets held by a foreign bank branch was not effective. 978 F. Supp. 2d 205, 210-11 (S.D.N.Y. 2013). But the Motorola court was concerned with the implications of such service given that the branch was located in a foreign country. See id. at 213. So too, in Shaheen Sports, Inc. v. Asia Ins. Co., the

- 13 -

Southern District of New York considered banks' unique concerns raised by multiple claims across international borders. Nos. 98-cv-5951, 11-cv-920, 2012 WL 919664, at *8 (S.D.N.Y. Mar. 14, 2012). Here, though, FirstBank and its branches in both the Virgin Islands and Puerto Rico are located within the United States, meaning the foreign law concerns that may justify modern application of the separate entity rule are not implicated. For this reason, and because we discern no alternative reasons for a modern separate entity rule, we think that the district court correctly predicted that the Supreme Court of Puerto Rico would follow the trend plotted by most other jurisdictions and reject the separate entity rule in this case as obsolete.[2] We conclude that the District of Puerto Rico had jurisdiction to execute the Writ at FirstBank's Puerto Rico branches.

B. *Public Policy Arising from Section 111*

WAPA next contends that public policy weighs in favor of quashing the Writ. WAPA points to the Virgin Islands' and other states' recognition that property owned by a municipal corporation and used for public purposes must be safeguarded from judicial process to protect the public and government. WAPA specifically points to the public property protections enshrined in Section

---

[2] Because we affirm that the district court had jurisdiction on this basis, we do not reach WAPA's arguments concerning any additional, separate bases for exerting jurisdiction.

111.  It argues that it could not waive these protections because they are rights enacted by the Virgin Islands legislature for the benefit of the health, safety, and welfare of the Virgin Islands' people.  Section 111 represents the Virgin Islands' recognition that maintaining the operation of a utility tasked with providing for the public's most vital needs outweighs the rights of individual claimants.  Accordingly, WAPA contends, the waiver of WAPA's statutory exemption from execution in the Note is void for reasons of public policy, rendering the Order authorizing the Writ unenforceable.  It argues that upholding such an order would result in a manifest injustice, so the law of the case doctrine does not apply.

In its July 2021 order granting Power Rental's motion for summary judgment, the Middle District of Florida found that WAPA's sovereign immunity arguments, including its arguments arising under Section 111, failed because Virgin Islands immunities law does not preclude judgments against WAPA or preclude WAPA from using its assets to satisfy such judgments.  Power Rental, 548 F. Supp. 3d at 1201.  The Middle District of Florida also found that WAPA waived all defenses under the terms of the Note.  Id.  Then, in its order directing WAPA to complete a "Fact Information Sheet," the Middle District of Florida found that WAPA waived any statutory exemption defense from post-judgment execution proceedings by the terms of the Note.  See Power Rental,

2023 WL 4187095, at *2. Thus, multiple rulings in this case have already held that WAPA has waived its statutory immunity defenses, including any defense arising under Section 111. And although WAPA appealed the case to the Eleventh Circuit, it chose to dismiss its appeal voluntarily rather than challenge these findings on the merits. Power Rental argues that these prior rulings govern under the law of the case doctrine. See United States v. Vigneau, 337 F.3d 62, 67 (1st Cir. 2003). The district court agreed.

The multiple prior rulings by the Middle District of Florida, combined with WAPA's voluntary dismissal of that appeal, confer convincing force to the argument that law of the case applied before the District of Puerto Rico on the immunity issue. See Negrón-Almeda v. Santiago, 579 F.3d 45, 51 (1st Cir. 2009) ("[When the order became final, it] became appealable and the plaintiffs' failure to challenge it fits within the law of the case doctrine."); see also Cacho Pérez v. Hatton Gotay, 195 D.P.R. 1, 8-9 (2016) (discussing law of the case doctrine under Puerto Rico law). WAPA has not shown that this issue is exempt from the law of the case doctrine. Accordingly, we need not address whether Section 111 immunizes WAPA's assets in this instance.

## III. CONCLUSION

We need go no further. For the foregoing reasons, we conclude that the District of Puerto Rico had jurisdiction to issue

- 16 -

and execute the Writ.  Therefore, the district court's Order is affirmed.


**So Ordered**.